STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. HENRY MANNING, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 6, 1978—Partially Decided and Partially Remanded —December 26, 1978—Finally Decided February 7, 1979.

Before Judges CONFORD, PRESSLER and KING.

*Ms. Susan Slovak,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender of New Jersey, attorney).

*Ms. Maris Konray,* Deputy Attorney General, argued the cause for respondent *(Mr. John J. Degnan,* Attorney General of New Jersey, attorney).

The opinion of the court following remand was delivered by KING, J. A. D. This matter was partially remanded following this court's written opinion, published in 165 *N. J. Super.* 19 (App. Div. 1978), to permit the trial judge to review the record and to make appropriate findings relevant to the admissibility of defendant's post-arrest statement. See Point IV. The trial judge has reviewed the record and provided us with written findings of fact and conclusions of law as follows:

Defendant Dilkes testified clearly that defendant's *Miranda* rights were read to him from a card, which was marked in evidence. Defendant indicated that he understood them, and wished to make a statement.

Defendant denied that he was questioned by Detective Dilkes. He testified that he told Detective Irovando that he had no knowledge of the burglary committed by the juvenile. He also denied that he was advised of his constitutional rights. He stated that he asked to speak to an attorney but was questioned without an attorney being present.

My recollection of the matter is clear. I found Mr. Manning to be singularly lacking in truthfulness. Mr. Manning in the opinion of the court was at all times prepared to say whatever he believed would be of benefit to him regardless of the truth. Detective Dilkes on the other hand was a particularly impressive witness. If he had been inclined to fabricate he could have done much better in concocting the incriminating statement.

Defendant's statement is in itself revealing on these issues. It is more in the nature of a spontaneous comment than a statement resulting from interrogation. He first denied any knowledge of the matter but when told that the juvenile had given a statement implicating him, he responded "I should have ought to have let the kid steal the lady's pocket—". The content of the statement itself, immediately preceded by the detective's reference to the statement made by the juvenile, is indicative of its voluntary nature.

I was and am satisfied beyond a reasonable doubt that the defendant, mature and crafty, was well aware of his constitutional rights, waived them because he intended to only make a non-inculpatory statement, and was tricked into making the incriminatory statement voluntarily.

These findings, made as beyond a reasonable doubt on the record, are fully supported by the record. We have considered the supplemental brief submitted by defendant addressed to these findings and nevertheless conclude the findings are adequately supported by the proofs. Contrary to defendant's argument there was no need for the judge to hold a supplemental hearing. Our order for remand merely contemplated more specific findings on the existing record. We therefore affirm.

Affirmed.